**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juana Leair, | No. CV-17-02834-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Juana Leair applied for disability insurance benefits and for a period of disability, alleging disability beginning May 24, 2012. (A.R. 19.) The claim was denied initially on April 22, 2014, and upon reconsideration on October 3, 2014. (*Id.*) Plaintiff then requested a hearing. (*Id.*) On April 5, 2016, Plaintiff and a vocational expert (VE) testified at a hearing before an Administrative Law Judge (ALJ). (*Id.* at 48-73.)

On May 26, 2016, the ALJ issued a written decision finding Plaintiff not disabled within the meaning of the Social Security Act, which became the Commissioner's final decision when the Appeals Council denied review. (*Id.* at 1-3.)

On August 22, 2017, Plaintiff sought review by this Court. (Doc. 1.) After receipt of the administrative record (Doc. 10), the parties fully briefed the issues for review (Docs. 13, 16). For reasons stated below, the Court affirms the Commissioner's decision.

**I. Background**

Plaintiff previously filed a Title II benefits application for a period of disability and

disability insurance benefits, and received a final decision dated May 23, 2012. (A.R. 19, 77-85.) Plaintiff's instant application for disability alleges an onset date one day later, on May 24, 2013. (*Id.* at 19.) In the instant decision, the ALJ found "no basis to reopen that decision," that the presumption of continuing nondisability applied, and that Plaintiff had not rebutted the presumption by showing a changed circumstance material to the determination of disability. (*Id.*) The ALJ reasoned that Plaintiff did not "provide[] sufficient evidence to rebut the presumption of non-disability." (*Id.*) Ordinarily, the ALJ's analysis would end here.

In an abundance of caution, however, the ALJ proceeded to conduct the requisite analysis had Plaintiff rebutted the presumption by examining and reviewing the evidence. (*Id.*) The ALJ did as much "in order to preclude an unnecessary basis for a remand." (*Id.*) Ultimately, the ALJ found Plaintiff not disabled at any time from May 24, 2012, the alleged onset date, through December 31, 2012, the date last insured. (*Id.* at 30.)

## II. Standard of Review

Where there is a finding against disability in a previous proceeding, there is a presumption of continuing nondisability in future proceedings. *Chavez v. Bown*, 844 F.2d 691, 693 (9th Cir. 1988). A claimant can overcome this presumption by proving "changed circumstances" that indicate greater disability than existed in the prior proceeding. *Id.* Changed circumstances may include an increase in the severity of the claimant's impairments, a change in the claimant's age category, or the existence of an impairment that was not considered in an earlier decision. *Lester v. Chater*, 81 F.3d 821, 827-28 (9th Cir. 1995).

## III. Discussion

The Commissioner contends that, as a threshold matter, Plaintiff must show that the ALJ erred in finding that Plaintiff failed to rebut the presumption of continuing non-disability. (Doc. 16 at 2-3.) The Court agrees. On appeal, Plaintiff challenges whether the ALJ's RFC determination is supported by substantial evidence, arguing that the ALJ erroneously discounted the medical opinion of her treating physician and rejecting her

symptom testimony. The entire discussion of the rebuttable presumption in Plaintiff's opening brief is confined to a footnote, which argues that "[t]he prior ALJ decision and the evidence underlying that decisions is not part of this record, so it [is] impossible to compare the two records to determine whether there are changed circumstances." (Doc. 13 n.2.) In her reply brief, Plaintiff supplements her argument, arguing for the first time that the ALJ waived reliance on the presumption of continuing nondisability when he proceeded with an alternative basis for his decision under the five-step sequential analysis.[1]

### A. Medical Records

Plaintiff contends that she should not be expected to rebut the presumption of continuing nondisability because the evidence underlying the initial decision is not part of the instant record. (Doc. 18 at 5.) In particular, Plaintiff argues that "[t]he only evidence regarding the prior administrative proceedings is the ALJs decision itself. There is a list of 18 medical exhibits that were considered as part of the prior proceeding, but the actual records are not part of this record." (*Id.*) Plaintiff argues that, by not including the prior exhibits in the current record, she is deprived of the means to rebut the presumption from the prior determination. (*Id.*) The Court disagrees. Plaintiff cites no authority supporting such a proposition, nor is the Court aware of any. Plaintiff also does not cite to any agency regulation requiring the Commissioner to include all of the evidence supporting the prior ALJ's decision in a subsequent claim. Moreover, because Plaintiff was a party to the prior disability proceedings, she presumably has access to the evidence underlying that decision, which would include her own medical records. There is no reason to dispose of the continuing nondisability presumption.

### B. Waiver of Presumption

Next, Plaintiff contends that, although the ALJ "recognized in principle the

---

[1] Notably, Plaintiff *does not* argue the existence of changed circumstances. Nevertheless, the Court reviewed the ALJ's finding that there were no changed circumstances and finds that it is supported by the record. For example, Plaintiff testified that her headaches and sleep apnea worsened after her new alleged onset date. (A.R. 53-63.) In reviewing this allegation, the ALJ found that the medical records reflected no significant changes in her treatment modality for either sleep apnea or headaches. (*Id.* at 22, 26)

1 rebuttable presumption arising from a prior ALJ decision, [the] ALJ [] effectively waived reliance on that principle when he proceeded with an analysis on the merits on the current claim." (*Id.* at 3.) As a preliminary matter, the Court notes that this argument was raised for the first time in her reply brief. Because Plaintiff failed to raise this argument in her opening brief, it has been waived. *See, e.g.*, *Thrasher v. Colvin*, 611 Fed. App'x 915, 918 (9th Cir. 2015). In any event, the argument lacks merit.

The ALJ may, as she did here, apply res judicata to bar reconsideration of a period with respect to which an ALJ has already made a determination by declining to reopen the prior application. *Krumpelman v. Heckler*, 767 F.2d 586, 588 (9th Cir. 1985). As a general matter, the ALJ's refusal to reopen her decision as to an earlier period is not subject to judicial review. *Id.* There is an exception to the general rule that courts may not review the ALJ's decision not to reopen, where the ALJ considers "on the merits" the issue of the claimant's disability during the already-adjudicated period. *Gregory v. Brown*, 844 F.2d 664, 666 (9th Cir. 1988). Stated differently, if an ALJ elects to review the evidence from the initial decision for the already-adjudicated period, she has de facto reopened that period, and is subject to judicial review.

This principle does not import here, where the ALJ reviews evidence for the subsequent, unadjudicated period. The ALJ did not reconsider the already-adjudicated period. Instead, the ALJ conducted a new analysis on the subsequent, unadjudicated-period, as an alternative basis for her decision in case she erred in finding that Plaintiff had not rebutted the presumption of nondisability. Unsurprisingly, Plaintiff cites to no authority applying the de facto reopening principle to circumstances present here. The Court therefore finds that the ALJ did not err in applying the rebuttable presumption. Accordingly,

//

//

//

//

1  **IT IS ORDERED** that the final decision of the Commissioner of Social Security is
2  **AFFIRMED**.  The Clerk shall enter judgment accordingly and terminate the case.
3  Dated this 26th day of March, 2019.

_____
Douglas L. Rayes
United States District Judge